IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

JANET BARSTOW,  CASE NO.:

  Plaintiff,

-vs-

TARGET CORPORATION and
JOHN DOE,

  Defendants.
_____/

## COMPLAINT

Plaintiff, JANET BARSTOW, by and through her undersigned counsel, hereby sues Defendants, TARGET CORPORATION, and its store manager, Defendant, JOHN DOE, and alleges as follows:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff, JANET BARSTOW, is a natural person residing in Pinellas County, Florida.

3. At all times material to this action, Defendant, TARGET CORPORATION, was authorized and doing business in Pinellas County, Florida.

4. At all times material hereto, Defendant, TARGET CORPORATION, was the owner and in possession of that certain business located at 900 East Lake Road, Palm Harbor, Pinellas County, Florida 34685, open to the general public, including the Plaintiff herein.

5. At all times material hereto, Defendant, JOHN DOE, was a resident of Pinellas County, Florida.

6. At all times material hereto, Defendant, JOHN DOE, was employed by Defendant, TARGET CORPORATION, as its store manager.

7. On or about February 27, 2020, Plaintiff, JANET BARSTOW, visited Defendant's premises located at the above address as a business invitee and/or guest to shop for clothing. The Plaintiff was walking through the aisles located in the women's clothing department when she suddenly tripped on the protruding base of a clothing rack and fell violently onto the hard flooring.

8. Numerous bulky jackets were hanging from the clothing rack and obstructed the view of the protruding base of the clothing rack.

9. Additionally, multiple other clothing racks in the area were positioned closely together and created narrow aisles.

10. At said time and place, Plaintiff, JANET BARSTOW, was lawfully a guest upon the premises of the Defendant, TARGET CORPORATION, who owed Plaintiff a nondelegable duty to exercise reasonable care for her safety.

11. The subject cause of action accrued in Pinellas County, Florida.

<u>**COUNT I**</u>
<u>**CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT,**</u>
<u>**TARGET CORPORATION**</u>

Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through eleven (11) as if fully set forth herein.

12. At said time and place, Defendant, TARGET CORPORATION, owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises.

13. At said time and place, Defendant, TARGET CORPORATION, breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

    a) Negligently failing to maintain or adequately maintain the floor space in the women's clothing department, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

    b) Negligently creating a trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    c) Negligently failing to inspect or adequately inspect the floor space in the women's clothing department, as specified above, to ascertain whether the floor space, and constituted a hazard to patrons utilizing said floor space in the women's clothing department, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

    d) Negligently failing to inspect or adequately inspect the clothing racks in the women's clothing department, as specified above, to ascertain whether the protruding bases of the clothing racks were hidden or obscured from view, which were poorly maintained, constituted a hazard to patrons utilizing said floor space in the women's clothing department, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

    e) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the inadequate floor space around the clothing racks, when Defendant knew or through the exercise of reasonable care should have known that said condition was unreasonably dangerous and that Plaintiff was unaware of same;

    f) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the protruding bases of the clothing racks which were hidden or obscured from view, when Defendant knew or through the exercise of reasonable care should have known that said condition was unreasonably dangerous and that Plaintiff was unaware of same;

g) Negligently failing to correct and/or inspect and/or maintain and/repair and/or adequately correct and/or replace the unreasonably dangerous condition of the inadequate floor space around the clothing racks, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

h) Negligently failing to correct and/or inspect and/or maintain and/repair and/or adequately correct and/or replace the unreasonably dangerous condition of the protruding bases of the clothing racks which were hidden or obscured from view, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

i) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the clothing racks and the floor space around the clothing racks for dangerous conditions;

j) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the clothing racks and the floor space around the clothing racks for dangerous conditions;

k) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

l) Negligently failing to have adequate policies in place to identify dangerous conditions involving clothing racks despite knowledge of prior trip and falls at the subject location caused by the hidden and obscured protruding bases of the clothing racks that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

m) Negligently failing to enforce its stated policy that all associates are responsible for inspecting for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

n) Negligently failing to act reasonably under the circumstances;

o) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein; and

p) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community.

14. As a result, while Plaintiff was visiting Defendant's business, she tripped and fell on the protruding base of a clothing rack, sustaining significant personal injuries.

15. As a direct and proximate result of the negligence of Defendant, TARGET CORPORATION, Plaintiff suffered bodily injury resulting in physical pain and suffering, disability, disfigurement, permanent and significant scarring, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JANET BARSTOW, sues the Defendant, TARGET CORPORATION, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

**COUNT II**
**CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, TARGET CORPORATION**

Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through eleven (11) as if fully set forth herein.

16. At said time and place, Defendant, TARGET CORPORATION, owned, controlled, and/or possessed the business premises.

17. At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant, TARGET CORPORATION, owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

18. At said time and place, Defendant, , TARGET CORPORATION, breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the floor space in the women's clothing department, thus creating a hazard to members of

  the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

b) Negligently creating a trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c) Negligently failing to inspect or adequately inspect the floor space in the women's clothing department, as specified above, to ascertain whether the floor space, which was poorly maintained, constituted a hazard to patrons utilizing said floor space in the women's clothing department, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d) Negligently failing to inspect or adequately inspect the clothing racks in the women's clothing department, as specified above, to ascertain whether the protruding bases of the clothing racks were hidden or obscured from view, and constituted a hazard to patrons utilizing said floor space in the women's clothing department, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

e) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the inadequate floor space around the clothing racks, when Defendant knew or through the exercise of reasonable care should have known that said condition was unreasonably dangerous and that Plaintiff was unaware of same;

f) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the protruding bases of the clothing racks which were hidden or obscured from view, when Defendant knew or through the exercise of reasonable care should have known that said condition was unreasonably dangerous and that Plaintiff was unaware of same;

g) Negligently failing to correct and/or inspect and/or maintain and/repair and/or adequately correct and/or replace the unreasonably dangerous condition of the inadequate floor space around the clothing racks, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

h) Negligently failing to correct and/or inspect and/or maintain and/repair and/or adequately correct and/or replace the unreasonably dangerous condition of the protruding bases of the clothing racks which were hidden or obscured from view, when said condition was either known to Defendant or had existed for a sufficient length of time such that

Defendant should have known of same had Defendant exercised reasonable care;

i) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the clothing racks and the floor space around the clothing racks for dangerous conditions;

j) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the clothing racks and the floor space around the clothing racks for dangerous conditions;

k) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

l) Negligently failing to have adequate policies in place to identify dangerous conditions involving clothing racks despite knowledge of prior trip and falls at the subject location caused by the hidden and obscured protruding bases of the clothing racks that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

m) Negligently failing to enforce its stated policy that all associates are responsible for inspecting for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

n) Negligently failing to act reasonably under the circumstances;

o) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein; and

p) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community.

19.  As a result, while Plaintiff was visiting Defendant's business, she tripped and fell on the protruding base of a clothing rack, sustaining significant personal injuries.

20.  As a direct and proximate result of the negligence of Defendant, TARGET CORPORATION, Plaintiff suffered bodily injury resulting in physical pain and suffering, disability, disfigurement, permanent and significant scarring, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of

previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JANET BARSTOW, sues the Defendant, TARGET CORPORATION, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT III
## CLAIM AGAINST JOHN DOE

Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through eleven (11) as if fully set forth herein.

21. At all times material hereto, Defendant, JOHN DOE, as manager of said store referred to in numbered paragraph four (4) above, was in control of said business premises.

22. Defendant, JOHN DOE, owed Plaintiff a duty of reasonable care to his/her customers, including Plaintiff, to provide a reasonably safe premises, to inspect and maintain this premises, and to request and authorize repairs to the premises, such that his/her customers would be protected from reasonably foreseeable injuries.

23. At said time and place, Defendant, JOHN DOE, breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a) Failing to prevent reasonably foreseeable injuries and creating a foreseeable risk of harm to customers by failing to repair or authorize repair of the positioning of clothing racks in the women's clothing department;

   b) Failing to prevent reasonably foreseeable injuries and creating a foreseeable risk of harm to customers by failing to repair or authorize repair of the hidden and obscured nature of the protruding bases of the clothing racks;

   c) Failing to adequately warn Plaintiff of the dangerous conditions that he/she knew or should have known of;

   d) Failing to adequately remedy the dangerous condition of the narrow aisles;

 e) Failing to adequately remedy the dangerous condition of the hidden and obscured nature of the protruding bases of the clothing racks;

 f) Failing to properly train his/her employees in adequately remedying the narrow aisles and/or failing to properly supervise them in maintaining the same;

 g) Failing to properly train his/her employees in adequately remedying the hidden and obscured nature of the protruding bases of the clothing racks and/or failing to properly supervise them in maintaining the same;

 h) Failing to properly train his/her employees in adequately warning customers of the store's dangerous conditions, such as the narrow aisles, through the proper positioning of clothing racks, and/or failing to properly supervise them in maintaining and positioning the same;

 i) Failing to properly train his/her employees in adequately warning customers of the store's dangerous conditions, such as the hidden and obscured nature of the protruding bases of the clothing racks, through the proper stocking of clothing racks, and/or failing to properly supervise them in maintaining the same;

 a) Failing to alert Target Corporation of the store's dangerous condition in order to request and authorize repairs to the aisles; and

 b) Failing to alert Target Corporation of the store's dangerous condition in order to request and authorize repairs to the clothing racks.

24. As a result, while Plaintiff was visiting Target, she tripped and fell on the protruding base of a clothing rack, sustaining significant personal injuries.

25. As a direct and proximate result of the negligence of Defendant, JOHN DOE, Plaintiff suffered bodily injury resulting in physical pain and suffering, disability, disfigurement, permanent and significant scarring, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JANET BARSTOW, sues the Defendant, JOHN DOE, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 29TH day of April, 2021.

/s/ *Jeanette O. Cardenas*
Jeanette O. Cardenas, Esquire
Morgan & Morgan, P.A.
111 – 2nd Avenue N.E., Suite 1600
St. Petersburg, FL  33701
Tele:  (727) 256-6747
Fax:   (727) 256-6768
Florida Bar #:  036873
Attorney for Plaintiff